**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| UNITED STATES OF AMERICA | ) | Case No. 5:11-cr-00037-1 |
|---|---|---|
| | ) | Case No. 5:12-cr-00028-1 |
| | ) | Case No. 5:12-cr-00029-1 |
| | ) | Case No. 5:12-cr-00034-1 |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES LOUIS WHITTLESEY, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

James Louis Whittlesey, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Whittlesey argues that paranoid schizophrenia rendered his guilty pleas unknowing, involuntary, and unintelligent and that counsel rendered ineffective assistance by not investigating Whittlesey's prior treatment for the illness. After reviewing the record, the court grants the United States' motion to dismiss because Whittlesey's claims are procedurally defaulted and meritless.

**I.**

On July 23, 2012, the court conducted a guilty plea hearing for a three-count indictment from this district, a three-count information for acts in the Middle and Eastern Districts of Pennsylvania, a one-count indictment from the District of Delaware, and a one-count information from the District of Vermont.[1] Whittlesey testified under oath that he was not aware of any condition he "might have that might impede or prevent" him from understanding English. Whittlesey further testified that he has never been treated for a mental illness of any kind; any

---

[1] All of these charges resulted from Whittlesey's criminal activities related to bank robberies in multiple states and a brief escape from custody. Whittlesey waived venue and presentation to a grand jury, pursuant to Rules 7 and 20 of the Federal Rules of Criminal Procedure, to have all proceedings resolved in this district. The court held one plea hearing and entered one judgment for all the charges. Consequently, the Clerk shall docket the documents related to the § 2255 motion in all of the cases listed in the caption.

emotional or mental problem that might impair his judgment, interfere with thinking or understanding the proceeding; or an addiction to alcohol or narcotic drugs. Whittlesey also denied being under the influence of any medicine, alcohol, intoxicants, or narcotics of any kind, and counsel proffered that Whittlesey was capable of entering a knowing, voluntary, and intelligent plea. Whittlesey acknowledged that he reviewed each indictment and information with counsel and understood them; he was agreeing that he committed each crime and was, in fact, guilty; and no one promised him anything or forced, threatened, or coerced him to plead guilty. After hearing the United States' thorough explanation of the elements of the crimes, Whittlesey affirmed that he committed the crimes and understood he would be sentenced to multiple mandatory life sentences. Nonetheless, Whittlesey affirmed that he was fully satisfied with counsel's advice and representation for all the charges. By the end of the hearing, the court was satisfied that Whittlesey knowingly, voluntarily, and intelligently pleaded guilty and accepted his guilty pleas to all charges.

On October 23, 2012, the court sentenced Whittlesey to, inter alia, two consecutive life sentences. Whittlesey did not appeal but did timely file the instant § 2255 motion to present two claims. First, Whittlesey argues that he was suffering from paranoid schizophrenia during his plea hearing. Second, Whittlesey alleges that he told counsel before the plea hearing that he had been diagnosed with paranoid schizophrenia in the past and that counsel failed to investigate an insanity defense.

The court finds that Whittlesey procedurally defaulted his first claim, and regardless, it has no merit. The court further finds that Whittlesey fails to describe prejudice about counsel's

2

failure to investigate his alleged mental illness. Accordingly, the United States' motion to dismiss must be granted.

## II.
### A.

Whittlesey first argues that he was suffering from paranoid schizophrenia during the plea hearing due to the conditions of his pre-trial confinement. Whittlesey allegedly pleaded guilty to obtain a transfer from the jail where guards poisoned him and confined him in an eight foot by ten foot windowless cell all day and night for several months.

Whittlesey did not appeal his judgment, and he may not use a motion to vacate as a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165-66 (1982); see Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). There is a presumption that "[o]nce the defendant's chance to appeal has been waived or exhausted, . . . he stands fairly and finally convicted." Frady, 456 U.S. at 164. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the [petitioner] must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at 167-68). Whittlesey could have challenged his guilty pleas on appeal, he fails to establish cause and prejudice to excuse the procedural default, and the record reflects that no fundamental miscarriage of justice occurred.[2]

---

[2] For example, Whittlesey does not allege that he suffered from paranoid schizophrenia anytime after the plea

**B.**

Whittlesey next alleges that he told counsel before the plea hearing that he had been diagnosed with paranoid schizophrenia at an unspecified time and that counsel failed to investigate an insanity defense. Whittlesey believes that counsel should have obtained hospital reports, which would have described his prior treatment for paranoid schizophrenia and how he "exhibit[ed] symptoms of this illness at the time of the offenses." Whittlesey believes that, had counsel presented Whittlesey's medical history to the court, the court would have ordered a competency hearing in support of an insanity defense and that his girlfriend would have testified how Whittlesey previously shot a firearm at imaginary creatures and fled from hallucinations.[3]

Again, the court finds that Whittlesey's current statement that he previously received treatment for paranoid schizophrenia not to be credible when compared to his sworn testimony that he was never treated for a mental illness of any kind.[4] See supra, n.2 (citing Lemaster, 403

---

hearing. Furthermore, the record establishes Whittlesey's knowing, voluntary, and intelligent decision to plead guilty to all charges. "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible,' and 'patently frivolous or false'" in the absence of extraordinary circumstances. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Although Whittlesey now alleges he had been treated at some unspecified, earlier time for paranoid schizophrenia, Whittlesey testified under oath that he has never been treated for a mental illness or for any emotional or mental problem that might either impair his judgment or interfere with his thinking or understanding of the plea hearing. Neither Whittlesey nor the record demonstrates the existence of an extraordinary circumstance that would contradict Whittlesey's testimony and acts of competency during the plea hearing. Accord 18 U.S.C. § 4241(a) (permitting a competency hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense). Moreover, Whittlesey agreed with counsel's assessment that Whittlesey was competent to proceed, and Whittlesey reaffirmed his satisfaction with counsel's performance during the plea hearing. Accordingly, the court finds Whittlesey's present claim that he was incompetent during the plea hearing to be frivolous and unsupported by both the record and the court's recollection of Whittlesey's behavior. See Machibroda v. United States, 368 U.S. 487, 495 (1962) (recognizing a district court can resolve a § 2255 claim with a personal recollection of events).

[3] Although Whittlesey believes a competency hearing would support an insanity defense, a psychological examination pursuant to 18 U.S.C. § 4241 does not evaluate whether a defendant's mental illness was the impetus for the charged criminal activity. Instead, that examination addresses whether a mental illness renders a defendant incompetent to understand the nature of the proceedings and consequences of a guilty plea.

[4] Whittlesey does not provide any corroborating evidence that he was diagnosed or treated for paranoid schizophrenia. Whittlesey insinuates in his affidavit that some evidence of prior treatment is in the record of

F.3d at 221 (stating allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible, and patently frivolous or false")). Nonetheless, Whittlesey fails to demonstrate the ineffective assistance of counsel.

A petitioner alleging the ineffective assistance of counsel in violation of the Sixth Amendment must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's ineffective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)). "[T]he resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id. at 59.

Whittlesey fails to establish any likelihood of success at trial with an insanity defense. See United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995) (holding that if facts surrounding a defendant's alleged affirmative defense are inadequate as a matter of law, counsel cannot be considered ineffective). Whittlesey merely alleges that he experienced unspecified "symptoms" of paranoid schizophrenia on disparate dates when he robbed banks on April 12, July 19, July 27, October 7, and October 14, 2011, and when he escaped from custody on April 25, 2012. Whittlesey does not explain what his alleged "symptoms" were, whether they were, in fact, caused by his alleged paranoid schizophrenia, or how the symptoms related to the crimes.

---

Whittlesey v. Baltimore County Circuit Court, 899 F.2d 143 (4th Cir. 1990). However, the opinion issued in that case merely affirmed a lower court's adjudication of a habeas petition filed pursuant to 28 U.S.C. § 2254. Whittlesey does not explain what the record in that case would reveal, and Whittlesey has not offered any portion of the record from that case as evidence in this action. Whittlesey further avers, "[o]n information and belief, counsel was aware of Whittlesey v. Baltimore County Circuit Court[. . .] or knew or should have known of this decision [and] obtained the hospital records as part of even the most cursory investigation." However, facts that are made on belief or information are not sufficiently based on personal knowledge and cannot be properly relied upon in an affidavit. See Fed. R. Civ. P. 56(e); Causey v. Balog, 162 F.3d 795, 803 n.4 (4th Cir. 1998) ("Because we cannot assess whether Causey had first hand knowledge of these facts or whether he is competent to testify to them, we cannot consider them in our review.").

5

Whittlesey offers nothing beyond his mere conclusion that unspecified symptoms occurred, and he wholly fails to explain how the symptoms made him "unable to appreciate the nature and quality or the wrongfulness of his acts" by clear and convincing evidence in order to be deemed not guilty by reason of insanity. 18 U.S.C. § 17. Accordingly, Whittlesey fails to establish prejudice from counsel's alleged failure to pursue an insanity defense. See <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 127-28 (2009) (holding that a failure to present an insanity defense does not constitute ineffective assistance when it was "highly improbable" that a jury would have believed it).

### III.

For the foregoing reasons, the United States' motion to dismiss is granted, and the motion to vacate, set aside, or correct sentence is dismissed. Based upon the court's finding that Whittlesey has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

    Entered: March 13, 2014

    /s/ Michael F. Urbanski

    Michael F. Urbanski
    United States District Judge